UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PETRA J. CAHOON,<br><br>                    Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security<br>Administration,<br><br>                    Defendant. | NO: 12-CV-0620-TOR<br><br>ORDER GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY<br>JUDGMENT |

        BEFORE THE COURT are the parties' cross-motions for summary

judgment (ECF Nos. 13 and 18).  Plaintiff is represented by Randy J. Fair.

Defendant is represented by Nicole Jabaily.  This matter was submitted for

consideration without oral argument.  The Court has reviewed the administrative

record and the parties' completed briefing and is fully informed.  For the reasons

discussed below, the Court will grant Defendant's motion and deny Plaintiff's

motion.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g); 1383(c)(3).

STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i);

416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c); 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d); 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

The claimant bears the burden of proof at steps one through four above.

*Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  If

the analysis proceeds to step five, the burden shifts to the Commissioner to

establish that (1) the claimant is capable of performing other work; and (2) such

work "exists in significant numbers in the national economy."  20 C.F.R. §§

404.1560(c); 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

### ALJ'S FINDINGS

Plaintiff filed applications for disability insurance benefits and supplemental

security income disability benefits on January 12, 2010, alleging a disability onset

date of April 5, 2005.  Tr. 172-80.  These applications were denied initially and

upon reconsideration, and Plaintiff requested a hearing.  Tr. 100-06, 115.  A

hearing was held before an Administrative Law Judge on May 23, 2011.  Tr. 47-

95.  The ALJ rendered a decision denying Plaintiff benefits on June 17, 2011.  Tr.

21-37.

The ALJ found that Plaintiff met the insured status requirements of Title II

of the Social Security Act through March 31, 2010.  Tr. 23.  At step one, the ALJ

found that Plaintiff had not engaged in substantial gainful activity since April 5,

2005, the alleged onset date.  Tr. 23.  At step two, the ALJ found that Plaintiff had

severe impairments consisting of degenerative disc disease of the cervical spine,

chronic left shoulder pain status post multiple surgeries, migraines, depression, and

history of attention deficit hyperactivity disorder. Tr. 23. At step three, the ALJ

found that Plaintiff did not have an impairment or combination of impairments that

meets or medically equals a listed impairment. Tr. 32. The ALJ then determined

that Plaintiff had the residual functional capacity to:

> Perform sedentary work as defined in 20 CFR 404.1567(a) and
> 416.967(a). She can lift and carry 10 pounds occasionally and 5
> pounds frequently. She can sit up to 6 hours in an 8-hour day. She
> can stand and/or walk up to 6 hours in an 8-hour day. She requires a
> sit/stand option. She can occasionally climb ramps or stairs, but she
> cannot climb ladders, ropes or scaffolds. She cannot do work
> requiring lifting above elbow level with the left arm. She can
> occasionally engage in overhead reaching with the right arm. She can
> occasionally turn the head in either direction. She can engage in
> occasional contact with the public and with coworkers. She is capable
> of 1-3 step tasks but no detailed work. She is capable of adapting to
> occasional changes in the work setting.

Tr. 33. At step four, the ALJ found that Plaintiff was unable to perform past

relevant work. Tr. 35. At step five, the ALJ found that, based upon her age,

education, work experience and residual functional capacity, Plaintiff could

perform the representative occupations of document preparer and telephone

quotation clerk, and that such occupations existed in significant numbers in the

national economy. Tr. 36. Based upon this finding, the ALJ concluded that

Plaintiff was not disabled under the Social Security Act and denied her claims on

that basis. Tr. 37.

The Appeals Council denied Plaintiff's request for review on October 31, 2012, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  Tr. 1-6; 20 C.F.R. §§ 404.981, 416.1484, and 422.210.

ISSUES

Plaintiff raises two issues for review:

1.  Whether the ALJ properly considered the opinions of Plaintiff's treating and examining physicians; and

2.  Whether the ALJ erred at step five of the sequential evaluation process.

ECF No. 13 at 13-20.

DISCUSSION

A. Treating and Examining Physician Opinions

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, a the opinion of a treating physician carries more weight than the opinion of an examining physician, and the opinion of an examining physician carries more weight than the opinion of a reviewing physician.  *Id.*  In addition, the Commissioner's regulations give more weight to opinions that are explained than

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

to opinions that are not, and to the opinions of specialists on matters relating to their area of expertise over the opinions of non-specialists. *Id.* (citations omitted). A physician's opinion may be entitled to little or no weight when it relates to a matter beyond his or her area of specialization. *Id.* at 1203, n. 2 (citation omitted).

A treating physician's opinions are entitled to substantial weight in social security proceedings. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995)). An ALJ may also reject a treating physician's opinion on the ground that it is "based to a large extent on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (citation omitted). Regardless of the source, an ALJ need not accept a physician's opinion that is "brief, conclusory and inadequately supported by clinical findings." *Bray*, 554 F.3d at 1228 (quotation and citation omitted).

//

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

1.  Left Hand Impairments

Plaintiff contends that the ALJ improperly rejected the opinions of Dr. Gaffield, Dr. Dahl, Dr. Sims, Dr. Page, Dr. Taylor, Dr. Hufman, Dr. Green, Dr. Karges, and PAC Barber, all of whom purportedly "found sensory deficits or strength limitations in [Plaintiff's] left hand." ECF No. 13 at 14. Because these opinions were contradicted, *see* Tr. 54, 60-61, 665, 947, the ALJ need only have given specific and legitimate reasons supported by substantial evidence to reject them. *Bayliss*, 427 F.3d at 1216.

The ALJ identified at least three specific and legitimate reasons for not crediting medical evidence pertaining to Plaintiff's left hand impairments. First, the ALJ found that Plaintiff's subjective complaints were not fully credible in light of several documented instances of drug-seeking behavior. *See* Tr. 34 (noting that Plaintiff's claims of total disability "are simply not supported in the longitudinal record, particularly when looking at the excessive and demanding requests for pain medication, including seeking early refills and refills from multiple providers"). Plaintiff has not challenged this adverse credibility finding on appeal. Second, the ALJ noted that Plaintiff's reported activities of daily living were inconsistent with her alleged sensory deficits: "[Plaintiff] told Dr. Gaffield . . . that she used the computer, babysat, took care of her dogs, and did housework, yard work, and cooking, albeit on a limited basis, despite her testimony of significant limitation

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

with the use of her hands." Tr. 34. Third, the ALJ observed that Plaintiff was consistently found to have normal grip strength notwithstanding her alleged sensory deficits: "[P]hysical examinations have consistently reported 'good grip strength' and sensory changes reported as 'perceived' or not consistent/compatible with dermatomal indications." Tr. 35 (citations omitted). Having reviewed the entire record, the Court finds that these reasons are supported by substantial evidence. The ALJ did not err in rejecting medical evidence pertaining to Plaintiff's alleged left hand impairments.

     2. <u>Mental Health Impairments</u>

Plaintiff further contends that the ALJ improperly rejected the opinions of Dr. McBride and Dr. Rickard, who purportedly found that Plaintiff suffered from "inability to focus, depression, anxiety, poor insight, and poor judgment." ECF No. 13 at 14. As a threshold matter, Plaintiff has failed to identify any functional limitations caused by these alleged conditions. Because neither Dr. McBride nor Dr. Rickard opined about the *limiting effects* of these conditions, there is no support for Plaintiff's conclusory assertion that these conditions "would certainly cause limitations in [Plaintiff's] work related functioning." ECF No. 13 at 19. The ALJ was not required to speculate about how these conditions may have affected Plaintiff's ability to work.

In any event, the record reflects that the ALJ adequately accounted for Plaintiff's mental health limitations in fashioning the RFC by limiting Plaintiff to (1) only occasional contact with the public and co-workers; (2) one to three step tasks with no detailed work; and (3) only occasional changes in the work setting. Tr. 33. As Defendant correctly notes, the record does not support a finding of any further limitations based upon Plaintiff's mental health conditions. The ALJ did not err in her assessment of the medical evidence of Plaintiff's medical impairments.

Finally, Plaintiff argues that the ALJ erred in rejecting the opinion of state agency consultant Dr. Beaty, who purportedly concluded that Plaintiff would have "significant limitation in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." ECF No. 13 at 15. On a check-the-box mental residual functional capacity assessment form, Dr. Beaty noted "moderate" limitations in Plaintiff's ability to understand and remember detailed instructions, carry out detailed instructions, maintain attention and concentration for extended periods, complete a normal workday and workweek, and interact appropriately with the general public. Tr. 843-44. In the narrative portion of the form, Dr. Beaty indicated that Plaintiff remained capable of performing "non-complex, repetitive, well-learned tasks" and maintaining "basic

work-related social interactions with supervisors, co-workers, and the general public in small group social situations." Tr. 845. The ALJ incorporated this opinion into the RFC by limiting Plaintiff to (1) only occasional contact with the public and co-workers; (2) one to three step tasks with no detailed work; and (3) only occasional changes in the work setting. Tr. 33. There was no error in the ALJ's treatment of Dr. Beaty's opinion.

**B. Step Five Challenge**

Plaintiff argues that the ALJ erred in finding that she was capable of performing other work at step five of the sequential evaluation process. While styled as a step five challenge, the crux of this argument is that the RFC did not adequately reflect all of Plaintiff's work-related limitations. Specifically, Plaintiff claims that the ALJ did not adequately account for limitations related to (1) her left hand impairments; (2) her mental health impairments; (3) her migraine headaches; (4) her inability to press her left arm against her torso; and (5) her "need to miss work for medical treatment." ECF No. 13 at 16-20.

For the reasons discussed above, there was no error with respect to the ALJ's treatment of Plaintiff's left hand and mental health impairments. With regard to Plaintiff's migraines, there is no evidence that her ability to work would be materially impaired. Plaintiff asserts that she "would need to miss work, lie down during work, or receive treatment during work because of her migraines,"

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

*see* ECF No. 13 at 18, but there is no medical evidence to support this assertion. None of Plaintiff's treating or examining physicians offered an opinion as to how frequently Plaintiff could be expected to experience migraine symptoms, or the impact that such symptoms would have on her ability to work.

Moreover, several of Plaintiff's treatment records suggest that Plaintiff may have been exaggerating her migraine symptoms in an effort to obtain opioid pain killers. *See* Tr. 424, 452, 773. The ALJ cited Plaintiff's drug-seeking behavior as a reason for discrediting her statements about the severity of her impairments, and Plaintiff has not challenged that adverse credibility finding on appeal. Thus, the Court concludes that the ALJ did not err in failing to include migraine-related limitations in Plaintiff's RFC.

Regarding Plaintiff's claimed inability to press her left arm against her torso, Plaintiff has once again failed to identify any specific work-related limitations that were overlooked by the ALJ. Plaintiff contends that this impairment "would result in carrying and lifting limitations below the shoulder with her left hand," but there is no evidentiary support for this contention. Although Dr. Karges noted Plaintiff's inability to press her left arm against her torso, neither he nor any of Plaintiff's other treating and examining physicians found any corresponding limitations in her ability to lift objects below the shoulder with her left hand. The ALJ did not err in declining to include further carrying and lifting limitations in the RFC.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

Finally, there is no evidence to support Plaintiff's claimed need to miss work to receive medical treatment. Although Plaintiff has been treated frequently in the past, there is no indication that she requires regular, ongoing medical treatment that would require her to miss work. In the absence of such evidence—and in view of Plaintiff's well-documented history of drug-seeking behavior—the ALJ did not err in omitting a regular work absence limitation from Plaintiff's RFC.

**IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment (ECF No. 18) is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment (ECF No. 13) is **DENIED**.

The District Court Executive is hereby directed to file this Order, enter Judgment for Defendant, provide copies to counsel, and **CLOSE** the file.

**DATED** October 28, 2013.



THOMAS O. RICE
United States District Judge